Bernard B. **CHAZIN** and Robert A.
Chazin, Appellants,

v.

**GULF OIL CORPORATION.**

No. 17737.

United States Court of Appeals
Third Circuit.

Argued Dec. 2, 1969.

Decided Dec. 19, 1969.

———◆———

David Freeman, Philadelphia, Pa., for appellants.

John T. Clary, Philadelphia, Pa. (John J. Guilfoyle, Jr., Philadelphia, Pa., on the brief), for appellee.

Before GANEY, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Plaintiffs appeal a judgment of the district court dismissing after trial their civil antitrust action. On March 2, 1961, plaintiffs executed a one-year lease with defendant to operate a service station in Philadelphia. The yearly lease was renewed by defendant in 1962 and in 1963, but was not renewed in 1964.

Plaintiffs contended below that defendant violated 15 U.S.C.A. §§ 1, 2 and 14 as follows:

1. by coercing and intimidating the plaintiffs to maintain prices;

2. by dominating the specific manner in which the plaintiffs operated their business by coercion, intimidation and implied threats;

3. by tending to lessen or prevent competition and to enable the defendant to oppress its dealers and to gain advantage of their labor without recompense, through the utilization of discriminatory practices and bad faith actions.

The district court, after trial to the court, concluded that the plaintiffs had not proved their claims.

Plaintiffs first contend that the district court did not make any findings of fact. To the contrary, the unreported opinion of the district court contains numerous factual findings which were stated to be in accordance with the requirements of F.R.Civ.P. 52(a).

Plaintiffs argue, alternatively, that the findings were clearly erroneous. Although they contend that they are attacking inferences drawn by the district court, the plaintiffs, for the most part, are really challenging the district court's evaluation of the evidence, much of which consisted of oral testimony. For example, their principal claim is that defendant did not renew the lease because they refused to comply with its pricing policies. However, the district court found that "Gulf never attempted by threats or intimidation, to force or

induce the plaintiffs to fix or adhere to a particular price." To the extent it constitutes a factual finding we cannot say on this record that such a finding is clearly erroneous. If it be considered an inference we think its reasonableness is supportable by the evidence. Our conclusions are equally applicable to plaintiffs' other contentions.

In our view plaintiffs' case is reduced to the proposition that the one-year lease device employed by defendant is inherently violative of the antitrust laws because it permits defendant to maintain its "suzerainty over its operation . . . [and] negate their status as independent business men." An obvious economic disparity in favor of the defendant is built into such an arrangement and perhaps thereby readily invites antitrust violations. But the answer here is that the fact finder with a requisite evidentiary basis resolved such claims against plaintiffs.

The judgment of the district court will be affirmed.